**NOT FOR PUBLICATION**

OCT 12 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONG YU,<br><br>            Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 10-72380<br><br>Agency No. A099-370-295<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Dong Yu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Even if credible, substantial evidence supports the BIA's conclusion that Yu failed to establish the harm he suffered or will suffer if he returns to China was or would be on account of his political opinion. *See Kozulin v. INS*, 218 F.3d 1112, 1115-17 (9th Cir. 2000) (evidence did not compel conclusion that beating of Russian anti-communist, shortly after he reported misconduct of his ship captain, was on account of political opinion). Accordingly, in the absence of a nexus, his asylum and withholding of removal claims fail. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1172 (9th Cir. 2005).

Substantial evidence also supports the BIA's conclusion that Yu has not established it is more likely than not he will be tortured upon return to China. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009). Accordingly, his CAT claim fails.

We lack jurisdiction to consider Yu's due process challenge, his claim based on Christianity, and his claim based on involuntary sterilization because he did not

exhaust these claims before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**